** E-filed March 2, 2012 **

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVID SNYDER,

Plaintiff,

v.

FEDERAL HOME LOAN MORTGAGE CORP.; et al.,

Defendants.

______________________________________/

No. C11-06213 HRL

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING THE CASE MANAGEMENT CONFERENCE**

**[Re: Docket No. 5]**

Plaintiff David Snyder brought this action in Santa Cruz County Superior Court on June 22, 2011, for claims arising out of his eviction from the home he rented from defendant Wayne Greene until that home was sold in a foreclosure sale (the "subject property"). He alleges claims for breach of contract, wrongful eviction, breach of the implied warranty of habitability, civil harassment, civil coercion,[1] and intentional infliction of emotional distress. Snyder sues: 1) Wayne Greene, former owner of the subject property; 2) the Federal Home Loan Mortgage Corporation ("Freddie Mac"), current owner of the subject property; 3) Melissa Sgroi and Malcolm & Cisneros, Freddie Mac's counsel in the unlawful detainer action that Freddie Mac brought against Snyder; 4) Bailey Properties, the property management company that managed the subject property after Freddie Mac

[1] Plaintiff attempts to state a claim for civil coercion against defendants Edward Price and Wayne Greene, as well as against Deborah Price, who has not been named as a party in this action. Because none of these individuals has been served in this action, the court will not consider the claim for civil coercion.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

purchased it; 5) Gene Harding, an employee of Bailey Properties; and 6) Edward Price, Russell Cadwallader, and Berri Michel, who are all apparently acquaintances of Wayne Greene.[2]

Defendants Sgroi and Malcolm & Cisneros first removed this action to federal court in July 2011, when it was assigned the case number C11:03690-RMW. See Snyder v. Fed. Home Loan Mortg. Corp., 2011 U.S. Dist. LEXIS 125281 (N.D. Cal. Oct. 28, 2011). Freddie Mac did not join in the removal, but did appear in the action. Malcolm & Cisneros and Sgroi moved to dismiss in August 2011, and Freddie Mac separately moved to dismiss in October 2011. C11-03690-RMW, Dkt. Nos. 4, 9. However, Judge Whyte granted Malcolm & Cisneros's and Sgroi's motion and remanded the case to state court before Freddie Mac's separate motion could be heard.

Shortly after the case was remanded, Malcolm & Cisneros, Sgroi, and Freddie Mac again removed the case to this court, where it was given the instant case number and assigned to the undersigned. See Dkt. No. 1 ("Notice of Removal"). These defendants again move to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. No. 5 ("Motion to Dismiss"). Snyder has opposed the motions. Dkt. No. 8 ("Opposition"). All parties have expressly consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). The court deemed this matter suitable for determination without oral argument, and vacated the February 7, 2012 hearing. Based on the moving papers and applicable authority, the court rules as follows.

**I. REMOVAL PROCEDURE**

"A second removal is permissible when made on new grounds arising from subsequent pleadings or events. Fannie Mae v. Mendez, 2012 U.S. Dist. LEXIS 4068 (C.D. Cal. Jan. 5, 2012) (citing Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989)); see also 28 U.S.C. 1446(b). However, a party may not remove a case twice on the same grounds. Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988).

Although no party has addressed the legal effect of the irregularities in this removal procedure, the court finds it necessary to address them because defendants made clear in their Notice of Removal that this action was previously removed and remanded. In their first attempt at removal, Sgroi and Malcolm & Cisneros claimed federal question jurisdiction, because Snyder

---

[2] Of these defendants, only Freddie Mac, Melissa Sgroi, and Malcolm & Cisneros have been served.

United States District Court
For the Northern District of California

alleged violations of Sec. 702 of the Protecting Tenants at Foreclosure Act of 2009, Pub. L. 111-22, in his complaint. In their second attempt, they, along with Freddie Mac, cite 12 U.S.C. 1452(f), which grants original federal subject matter jurisdiction over all actions to which Freddie Mac is a party. Notice of Removal p. 2. To this court's knowledge, there have been no subsequent pleadings or events between the order for remand in C11-03690 and the notice of removal that resulted in the instant action.

Although the parties have cited different reasons in their two notices of removal, it would be inaccurate to say that "new grounds" exist for this second removal. In fact, Freddie Mac was a party when the action was first removed, although it did not join in the first removal as it should have. Malcolm & Cisneros and Sgroi simply did not cite to 12 U.S.C. 1452(f) as a basis for federal jurisdiction when they originally removed the action. Instead, they cited only to 28 U.S.C. § 1331, because Snyder's state court complaint alleged violations of PTFA § 702. Therefore, no "*new* grounds based on subsequent pleadings or events" exist, since both bases for jurisdiction existed at the time of the original removal attempt. However, because the parties did not offer 12 U.S.C. 1452(f) as a basis for their first removal, and Judge Whyte did not consider that basis when he remanded the action to state court, this court will hear the matter rather than summarily remand.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007). However, only plausible claims for relief with survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

United States District Court
For the Northern District of California

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

B. DISCUSSION

Defendants Freddie Mac, Malcolm & Cisneros, and Melissa Sgroi move to dismiss all of the claims Snyder states against them. Dkt. No. 5 ("Motion to Dismiss"). Snyder opposes the motion, but essentially argues that the undersigned should dismiss the federal claim and remand the case to state court.

1. Plaintiff's PTFA § 702 Claim Against Freddie Mac

Defendants argue, and plaintiff admits, that Snyder's claim under § 702 of the PTFA fails because the statute does not provide an express or implied private right of action. Motion to Dismiss

United States District Court
For the Northern District of California

at 3. Judge Whyte already ruled on this issue when he determined that no private right of action exists under § 702 and dismissed Snyder's § 702 claims against Malcolm & Cisneros and Sgroi. See Snyder v. Fed. Home Loan Mortg. Corp., 2011 U.S. Dist. LEXIS 125281, at *5-6. The issue is no different here. Accordingly, Snyder's § 702 claim is DISMISSED without leave to amend.

2. Plaintiff's State Law Claims

Snyder urges this court to dismiss his § 702 claim and remand the remainder of the action to state court. However, because 12 U.S.C. § 1452(f) grants federal subject matter jurisdiction over all actions to which Freddie Mac is a party, this court cannot simply remand the action, but has jurisdiction even over the state law claims. The defendants argue that all of Snyder's state law claims fail because "they all implicate conduct directly associated with the eviction proceedings and depend entirely upon the alleged violation of Section 702." Motion to Dismiss at 7-8. Defendants offer no authority, and the court is not aware of any, that would support this proposition. Accordingly the court will consider each of plaintiff's state law claims against these defendants to determine whether they can survive the motion to dismiss.

a. *Plaintiff's Claim for Breach of Contract Against Freddie Mac*

Snyder claims that Freddie Mac breached the terms of his residential lease by not allowing him to retain possession of the subject property. Dkt. No. 1, Exh. A ¶ 14-17 ("Complaint"). "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Careau & Co. v. Sec. Pacific Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990).

Here, Snyder alleges that he and Greene, the former owner of the property, entered into a written lease agreement and then "made numerous written and oral revision [sic] . . . to the original lease." Complaint ¶ 14. He then states that Freddie Mac did not honor the terms of the lease, which it was bound to do under § 702. Id. ¶ 17. These minimal allegations are insufficient to state a claim for breach of contract under California law. Moreover, this claim appears to be a § 702 claim in disguise, and the court has already determined that § 702 does not provide a private right of action. If plaintiff wishes to state a claim for breach of contract, he must do so based on *state* law, without

relying on § 702. This court is skeptical that plaintiff will be able to state a claim for breach of contract without relying on § 702, but is not convinced that amendment of the claim would necessarily be futile.

Accordingly, the claim for breach of contract is DISMISSED with leave to amend.

      b. *Plaintiff's Claim for Wrongful Eviction*

Snyder next claims that Freddie Mac, Sgroi, and Malcolm & Cisneros wrongfully evicted him.[3] To state a claim for damages for the tort of wrongful eviction, a plaintiff must state "(a) the [plaintiff] has property rights and privileges in respect to the use or enjoyment interfered with; and (b) the invasion is substantial; and (c) the actor's conduct is a legal cause of the invasion; and (d) the invasion is either (i) intentional and unreasonable; or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct." Tooke v. Allen, 85 Cal. App. 2d 230, 237 (Cal. App. 1948) (quoting Rest. Torts § 822)).

        i. Against Freddie Mac

Snyder has alleged that there was a lease between him and the former property owner Wayne Greene. However, he has not alleged that he had property rights or privileges with which Freddie Mac interfered, nor has he offered facts in support the other elements of this claim. And once again, he bases the claim upon the proposition that Freddie Mac "violated Public Law 111-22," or, § 702. Complaint ¶ 20. As stated above, Snyder may not disguise a § 702 claim as a state law claim, but must actually base his allegations on California law. This claim therefore fails because it relies solely on the alleged § 702 violation. Again, the court is skeptical that plaintiff will be able to state a claim from wrongful eviction without reliance upon § 702, but cannot conclude that amendment would necessarily be futile. Accordingly, the claim for wrongful eviction against Freddie Mac is DISMISSED with leave to amend.

        ii. Against Malcolm & Cisneros and Sgroi

Snyder alleges that Malcolm & Cisneros and Sgroi wrongfully evicted him because they "continued to pursue unlawful detainer proceedings, contributing confusion to Plaintiff's ability to know what his actual rights were," even after he told them that the unlawful action was "erroneous."

---

[3] Snyder also names Bailey Properties and Gene Harding in this claim, but because those defendants have not been served, the court need not consider plaintiff's claim against them at this time.

United States District Court
For the Northern District of California

Complaint ¶ 19. In essence, Snyder claims that by representing Freddie Mac in its unlawful detainer action, Sgroi and Malcolm & Cisneros wrongfully evicted him. Not only does this claim fail to state any of the allegations required for a claim of wrongful eviction, it suggests that attorneys can be sued for pursuing recognized legal remedies in accordance with their clients' wishes. California law specifically protects attorneys from frivolous or malicious claims arising out of their conduct as counsel for their clients. See Cal. Civ. Code § 47 (creating a statutory privilege for a "publication or broadcast . . . made in any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law"); Cal. Civ. Code § 1714.10 (prohibiting bringing an action for civil conspiracy against attorney "which is based upon the attorney's representation of the client"). The court is unconvinced that plaintiff can possibly state a claim for wrongful eviction against Sgroi and Malcolm & Cisneros that will not run afoul of California law.

Accordingly, plaintiff's claim for wrongful eviction against Sgroi and Malcolm & Cisneros is DISMISSED without leave to amend.

c. *Plaintiff's Claim for Breach of the Implied Warranty of Habitability Against Freddie Mac*

Snyder alleges that Freddie Mac[4] breached the implied warranty of habitability by ignoring requests from Snyder about fixing unsafe conditions on the property. Complaint ¶ 22. To state a claim for damages for breach of the implied warranty of habitability, a plaintiff must show: (1) there was a materially defective condition affecting habitability; (2) the condition was unknown to the tenant at the time of occupancy; (3) the effect of the condition on habitability was not apparent on a reasonable inspection; (4) notice was given to the landlord within a reasonable time after the tenant discovered or should have discovered the breach of warranty; and (5) the landlord was given a reasonable time to correct the defect while the tenant remained in possession. See Quevedo v. Braga, 72 Cal. App. 3d Supp. 1, 7 (Cal. App. Dep't Super. Ct. 1977) (disapproved on other grounds by Knight v. Hallsthammar, 29 Cal. 3d 46 (Cal. 1981)). An objection by defendant that the tenant

[4] Snyder also states this claim against the Greene, Bailey Properties, and Harding, but as these defendants have not been served, the court will not address the sufficiency of the claim as to them.

United States District Court
For the Northern District of California

brings suit after having given up possession "is unconvincing." 12 Witkin Sum. Cal. Law Real Property § 627(1)(a).

Snyder has alleged that there were materially defective conditions affecting the habitability of the property, and he alleges that he gave notice to Bailey Properties several months before filing the instant action. However, Snyder does not allege that the conditions were unknown to him at the time of occupancy, nor that the effect of the condition was not apparent on a reasonable inspection. He also does not specify whether or not he notified the owner or property manager "within a reasonable time" after he discovered the various problems. Therefore, plaintiff's claim for breach of the implied warranty of habitability is not well pled and must fail.

Accordingly, Snyder's claim for breach of the implied warranty of habitability is DISMISSED with leave to amend.

d. *Plaintiff's Claim for Civil Harassment*

Snyder claims that Freddie Mac and its attorneys[5] committed civil harassment in the course of pursuing their unlawful detainer action against Snyder. Complaint ¶ 30. Cal. Code Civ. Proc. § 527.6 permits a victim of civil harassment to seek injunctive relief. Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." § 527.6(b)(3). Plaintiff has claimed significant money damages for this alleged harassment, but he has not claimed injunctive relief. Indeed, because he appears no longer to possess the premises, this court concludes that it would be unable to grant injunctive relief had Snyder sought it.

Snyder alleges that Freddie Mac, Sgroi, and Malcolm & Cisneros harassed him by "improperly serv[ing] several erroneous unlawful detainers" and by knocking on his door. Complaint ¶ 30. He says that these acts were unlawful under both California law and § 702. Id. ¶ 31.

[5] Plaintiff also alleges that various other defendants harassed him, through different acts than those that Freddie Mac, Sgroi, and Malcolm & Cisneros allegedly committed. Because those defendants have not been served in this action, the court will not evaluate whether this claim is sufficiently pled as to them.

The plaintiff has not alleged that the defendants committed any act that imposed "unlawful violence, a credible threat of violence," or that "seriously alarms, annoys, or harasses the person, *and* that serves no legitimate purpose." See Cal. Code Civ. Proc. § 527.6(b)(3) (emphasis added). Indeed, based on plaintiff's existing allegations, it appears impossible that he could truthfully allege that the defendants committed any acts that would meet this high standard. In addition, Snyder must allege that the harassing conduct would cause a reasonable person to experience *substantial* emotional distress, and that he actually suffered such distress. The conclusory allegation that he suffered "serious emotional distress," without any supporting factual details, does not suffice. The court concludes that plaintiff cannot possibly amend this claim to state a claim for civil harassment against these defendants. Moreover, the court would be unable to grant the relief plaintiff seeks on this claim even if he could state a claim. Accordingly, the claim for civil harassment is DISMISSED without leave to amend as to Freddie Mac, Sgroi, and Malcolm & Cisneros.

*3. Plaintiff's Claim for Intentional Infliction of Emotional Distress*

Snyder claims that all of the defendants have intentionally caused him to suffer emotional distress. Complaint ¶ 42. A claim for intentional infliction of emotional distress ("IIED") must include allegations of "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Cervantez v. J. C. Penney Co., 24 Cal. 3d 579, 593 (Cal. 1979). The conduct alleged to be outrageous must go beyond all bounds of decency; ordinary rude or insulting behavior is not enough to justify an award of damages. Id.

The plaintiff offers no specific allegations to explain what Freddie Mac, Sgroi, and Malcolm & Cisneros did to intentional inflict emotional distress upon him. Instead, he relies on conclusory allegations that defendants "performed outrageous conduct" and "caused Plaintiff to be frightened, nervous, anxious, worries, and humiliated." Complaint ¶ 44. These allegations far well short of what is required to state a claim for intentional infliction of emotional distress. There are no allegations anywhere in the complaint that would even come close to stating a claim for this tort, and the court

is convinced that plaintiff could not possibly allege facts against these defendants to support this claim.

Accordingly, plaintiff's claim for intentional infliction of emotional distress is DISMISSED without leave to amend as to Freddie Mac, Sgroi, and Malcolm & Cisneros.

CONCLUSION

Based on the foregoing, IT IS SO ORDERED THAT:

1. Plaintiff's § 702 claim is DISMISSED without leave to amend;
2. Plaintiff's breach of contract claim is DISMISSED with leave to amend;
3. Plaintiff's wrongful eviction claim is DISMISSED with leave to amend as to Freddie Mac;
4. Plaintiff's wrongful eviction claim is DISMISSED without leave to amend as to Sgroi and Malcolm & Cisneros;
5. Plaintiff's breach of the implied warranty of habitability claim is DISMISSED with leave to amend;
6. Plaintiff's civil harassment claim is DISMISSED without leave to amend;
7. Plaintiff's intentional infliction of emotional distress claim is DISMISSED without leave to amend.

Plaintiff may file and serve upon defendants an amended complaint within 14 days of the date of this order. The Case Management Conference currently set for March 6, 2012 is VACATED, and will be reset by the court as needed.

Dated: March 2, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C11-06213 HRL Notice will be electronically mailed to:**

Richard Pazin, Jr. rjp1116@comcast.net
Charles Nunley charles.nunley@sierralawgroup.net
Melissa Sgroi msgroi@mclaw.org
William Malcolm bill@mclaw.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

11

United States District Court
For the Northern District of California