**\*\* E-filed May 29, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SNYDER,<br><br>  Plaintiff,<br>   v.<br><br>FEDERAL HOME LOAN MORTGAGE CORP,; ET AL.,<br><br>  Defendants. | No. C11-06213 HRL<br><br>**INTERIM ORDER RE: DEFENDANT FREDDIE MAC'S MOTION TO DISMISS AND ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>**[Re: Docket Nos. 14, 15]** |

On May 29, 2012, defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") moved to dismiss plaintiff David Snyder's First Amended Complaint for failure to state a claim. Dkt. No. 14. Approximately two weeks after the motion was filed, Snyder consented to his attorney's withdrawal of the case, and on April 30, filed a Consent Order for substitution of counsel. Dkt. No. 17. This court granted the order on May 1, at which point Snyder became a pro se plaintiff. Dkt. No. 21. Snyder has not retained new counsel and has not filed any opposition to the motion to dismiss.

This court held hearing on the motion on May 29, 2012. Snyder appeared, through an attorney making a special appearance, and requested a continuance to permit him time to retain new counsel and oppose the motion. Plaintiff stated he never received the moving papers from defendants or his former counsel. Accordingly, the court ORDERS as follows:

(1)  Plaintiff, or any newly retained counsel who makes an appearance on ECF, shall file any opposition to the motion to dismiss on later than June 12, 2012;

1  (2)   Freddie Mac shall have until June 15 to file any reply.

2  (3)   No hearing will be set unless, upon receipt of the moving papers, the court
3         determines one to be necessary.

In connection with its motion to dismiss, Freddie Mac requests judicial notice of two documents: (1) a Trustee's Deed Upon Sale, recorded on December 13, 2010; and (2) Freddie Mac's Verified Complaint for Unlawful Detainer, filed in Santa Cruz County Superior Court on May 4, 2011. Dkt. No. 15, Exhs. 1-2. Under Fed. R. Evid. 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Such facts include matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Since both documents are in the public record, the court does hereby judicially notice them. However, Freddie Mac shall file a new copy of the Trustee's Deed, as the copy previously filed is illegible.

**IT IS SO ORDERED.**

Dated: May 29, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE


**C11-06213 HRL** N**otice will be electronically mailed to:**

| Charles Nunley | charles.nunley@sierralawgroup.net |
| Melissa Sgroi | msgroi@mclaw.org |
| William Malcolm | bill@mclaw.org |

**Notice will be mailed to:**

David Snyder
2070 Eureka Canyon Road
Corralitos, CA 95076

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**