**** E-filed June 19, 2012 ****

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVID SNYDER,

Plaintiff,

v.

FEDERAL HOME LOAN MORTGAGE CORP.; ET AL.,

Defendants.

/

No. C11-06213 HRL

**ORDER (1) GRANTING FREDDIE MAC'S MOTION TO DISMISS; (2) DENYING PLAINTIFF'S MOTIONS FOR ECF ACCESS AND TO AMEND THE COMPLAINT; AND (3) REMANDING THE CASE TO STATE COURT**

**[Re: Docket Nos. 14, 29, 31]**

Plaintiff David Snyder originally filed this action in Santa Cruz County Superior Court against numerous defendants alleging a variety of claims related to an unlawful detainer action against him. Snyder was the tenant and lessee of a residence originally owned by defendant Wayne Greene. Greene defaulted and the house was sold in a foreclosure sale to defendant Freddie Mac. Freddie Mac initiated an unlawful detainer action against Snyder, and was represented by defendants Malcolm & Cisneros and Melissa Sgroi. Snyder then sued Greene, Freddie Mac, Malcolm & Cisneros, Sgroi, as well as several others: (1) Bailey Properties, which managed the subject property during parts of Snyder's tenancy; (2) Gene Harding, who worked for Bailey Properties; and (3) a variety of Greene's acquaintances, who allegedly harassed Snyder, but who are no longer parties to this action.

United States District Court
For the Northern District of California

The case is now before this court after its second removal from state court.[1] Defendants Freddie Mac, Malcolm & Sgroi ("M&C") and Melissa Sgroi moved to dismiss the complaint for failure to state a claim upon which relief could be granted, which this court granted on March 2, 2012. Plaintiff filed a First Amended Complaint, stating claims against Freddie Mac, Wayne Greene, Bailey Properties, and Gene Harding. Dkt. No. 13 ("FAC"). Greene, Harding, and Bailey Properties have not appeared. Freddie Mac again moves to dismiss. Dkt. No. 14 ("Motion to Dismiss"). Snyder did not file any opposition to the motion to dismiss. This court held a hearing on the motion on May 29. Snyder appeared and explained that he was seeking new counsel and intended to oppose the motion. The court gave Snyder an extension of time to file an opposition, with or without new counsel. That deadline, June 12, 2012, passed without any filing by Snyder. On June 14, Snyder filed a request for access to the court's electronic filing system. Dkt. No. 29. On June 18, he filed a motion for leave to amend the FAC, or, in the alternative, to dismiss Freddie Mac without prejudice. Dkt. No. 31.

All parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c). Based on the moving papers, arguments presented at hearing, and all applicable authority, the court rules as follows.

LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007). However, only plausible claims for relief with survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the

---

[1] Defendants Malcolm & Cisneros ("M&C") and Melissa Sgroi first removed this action to federal court in July 2011. C11-03690-RMW. Of the defendants named in the original complaint, only M&C, Sgroi, and Freddie Mac appeared in the first removal proceeding. On motion by M&C and Sgroi, the court dismissed the only federal claim (a Protecting Tenants at Foreclosure Act ("PTFA") claim) and remanded the case without considering 12 U.S.C. 1452(f), which grants the district courts original jurisdiction over actions to which Freddie Mac is a party. Freddie Mac, M&C, and Sgroi then re-removed and the case was assigned to the undersigned. Although the second removal was procedurally improper, the court decided not to remand because§ 1452 had not been considered during the first removal attempt.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

DISCUSSION

Plaintiff's FAC states three claims for relief: (1) breach of contract, against Wayne Greene; (2) constructive eviction, against Freddie Mac, Bailey Properties, and Harding; and (3) breach of the implied warranty of habitability, against all defendants. Only Freddie Mac has moved to dismiss.

A. Plaintiff's Claim for Constructive Eviction Against Freddie Mac

Plaintiff purports to state a claim for "violation of rights of peaceable possession and constructive eviction." Dkt. No. 13, p. 5. Under California law, a constructive eviction occurs at the time possession is surrendered. Irvine Co. v. Great Am. Ins. Co., 1996 U.S. App. LEXIS 18828 (9th Cir. July 29, 1996) (citing Petroleum Collections v. Swords, 48 Cal. App. 3d 841 (Ct. App. 1979)). "There can be no eviction, actual or constructive, if the lessee continues in the possession of the premises." Clark v. Spiegel, 22 Cal. App. 3d 74, 80 (Cal. App. 2d Dist. 1971) (citing Slater v. Conti, 171 Cal. App. 2d 582, 586 (1959)). Snyder admits that he continues to reside at the subject property. FAC p. 2. Accordingly, he cannot possibly state a claim for constructive eviction, and this claim should be DISMISSED in its entirety without leave to amend.

To the extent that plaintiff attempts to state a separate claim for "violation of rights of peaceable possession," no such claim exists. Rather, the term is typically used merely to describe an individual's actual possession of land. See, e.g., Stevens v. Arnold, 262 U.S. 266, 268 (1923). Additionally, proof of a plaintiff's peaceable possession is one element of a wrongful eviction claim. See Campos v. Bank of Am., Inc., 2011 U.S. Dist. LEXIS 70407, *15-16 (N.D. Cal. June 30, 2011) (citations omitted) (stating that peaceable possession, followed by wrongful dispossession, are the elements of a wrongful eviction claim under California law). Plaintiff has not stated a claim for wrongful eviction, and indeed, since he has not been dispossessed of the property, he cannot do so.

B. Plaintiff's Claim for Breach of the Implied Warranty of Habitability Against Freddie Mac

To state a claim for damages for breach of the implied warranty of habitability, a plaintiff must show: (1) there was a materially defective condition affecting habitability; (2) the condition was unknown to the tenant at the time of occupancy; (3) the effect of the condition on habitability was not apparent on a reasonable inspection; (4) notice was given to the landlord within a reasonable time after the tenant discovered or should have discovered the breach of warranty; and (5) the landlord was given a reasonable time to correct the defect while the tenant remained in possession. See Quevedo v. Braga, 72 Cal. App. 3d Supp. 1, 7 (Cal. App. Dep't Super. Ct. 1977) (disapproved on other grounds by Knight v. Hallsthammar, 29 Cal. 3d 46 (Cal. 1981)).

United States District Court
For the Northern District of California

The court dismissed this claim against Freddie Mac as it was presented in the original complaint. See Dkt. No. 12. In that order, the court noted that Snyder had failed to plead (1) that he did not know of the unsafe conditions at the time of occupancy; (2) that the conditions were not apparent upon a reasonable inspection; or (3) that he notified the owner or property manager of the conditions within a reasonable time after he discovered them. Id. at 8.

In his FAC, Snyder has added conclusory allegations meant to correct these deficiencies. See FAC ¶¶ 27-33. However, he has not provided any additional *facts* sufficient to state a claim for breach of the implied warranty of habitability against Freddie Mac. There are three alleged defects: (1) a tree that fell onto the house after Snyder had taken possession, causing a leak; (2) a rotten deck; and (3) intermittent water service and low water pressure. Although these conditions certainly do merit attention by the owner and/or property manager, Snyder's FAC does not allege facts that show he was not aware of the conditions when he took possession of the premises (before Freddie Ma became the owner of the property), nor that they would not be apparent upon a reasonable inspection. In fact, he asserts that defendant Harding "could visually see" the defects when he visited the property while Snyder resided there, contradicting his allegation that "the effect of the condition on habitability of these defects was not apparent on a reasonable inspection." FAC ¶28; cf. FAC ¶ 27. Other than summarily alleging that "notice was given to Defendant Freddy Mac, including through the Defendant agents and its attorneys," plaintiff offers no facts whatsoever to support a claim against Freddie Mac.

Snyder has now had multiple opportunities to state this claim. When this court dismissed his original complaint it listed precisely what sort of additional factual allegations would be required to state a viable claim for breach of the implied warranty of habitability. See Dkt No. 12. Snyder has failed to state such facts. Accordingly this claim is DISMISSED without leave to amend as to Freddie Mac on the basis that plaintiff has had multiple opportunities to state his claim, and he has utterly failed to allege facts sufficient to do so.

C. Plaintiff's Motion for Leave to Amend

Rather than oppose the motion to dismiss by June 12, the deadline set by the court at the May 29 hearing and in its Order of May 29, plaintiff instead filed a motion for leave to amend

United States District Court
For the Northern District of California

nearly a week after the deadline had passed. See Dkt. No. 24 ("May 29 Order"); Dkt. No. 31 ("Motion for Leave to Amend"). In it, plaintiff contends that he has retained new counsel, although no counsel has made an appearance before this court. He also states that he failed to file an opposition "due to circumstances beyond his control," without providing any explanation for what occurred to prevent him from complying with this court's order. Plaintiff's argument that "the facts in this matter demonstrate beyond cavil that the proposed amendment is offered in good faith and for good reasons," is belied by the dearth of facts in the FAC. See Dkt. No 31, p. 3. As illustrated by the analysis of plaintiff's claims in this order, plaintiff has failed to allege facts sufficient to support any claim for relief against Freddie Mac. This is true despite the fact that plaintiff has already had several opportunities to amend his complaint: (1) after dismissal of his complaint in the first removal attempt; and (2) following the undersigned's dismissal of the original complaint filed in this removal attempt.

As stated above, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Plaintiff's failure to state a viable claim for relief despite having had several opportunities to do so justifies denial of his request for leave to amend the claims against Freddie Mac. Accordingly, the request for leave to amend is DENIED.

CONCLUSION

Based on the foregoing, both of the claims against Freddie Mac in the FAC are DISMISSED without leave to amend. Plaintiff's motions to file an amended complaint and for ECF access are DENIED. Because Freddie Mac's presence in the action provided the sole basis for federal subject matter jurisdiction, the court now REMANDS the remainder of the case to Santa Cruz County Superior Court.

**IT IS SO ORDERED.**

Dated: June 19, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C11-06213 HRL Notice will be electronically mailed to:**

Charles Nunley charles.nunley@sierralawgroup.net
Melissa Sgroi msgroi@mclaw.org
William Malcolm bill@mclaw.org

**Notice will be mailed to:**

David Snyder
2070 Eureka Canyon Road
Corralitos, CA 95076

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**